RECEIVED
SDNY PRO SE OFFICE
2016 MAR 22 PM 3: 14

RECEIVED
2016 MAR 21 P 5:27
U S DISTRICT COURT SDNY

# CIVIL RIGHTS COMPLAINT
## 42 U.S.C. § 1983

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

HILARY BEST,

                Plaintiff,

-against-

JENNIFER SCHECTER, MELISSA JACKSON,
CYRUS VANCE, JR., ANNIE SIEGEL,
MATTHEW DELLABETTA, AND
MATHEW GOLDSMITH,

                Defendants.

-----------------------------------------------------------------x

**CIVIL COMPLAINT**

CV _____

**JURY DEMAND: YES**

**16CV2184**

**I.**    **Previous Lawsuits:**

      None. (Related: CV-12-6142)

**II.**   **Place of Present Confinement:**

      Not Confined.

      A. Is there a prisoner grievance procedure in this institution? N/A.

      B. Did you present the facts relating to your complaint in the prisoner grievance procedure?

         N/A.

      C. N/A

      D. N/A

      E. If there is no prisoner grievance procedure in the institution, did you complain to center authorities? N/A.

      F. What steps did you take? N/A

**III.   Parties:**

A.  Name of plaintiff: Hilary Best

Address: Post Office Box 751072, Forest Hills, New York 11375.

B.

| | |
|---|---|
| Defendant No. 1: | Jennifer Schecter, Judge<br>New York County Criminal Court<br>100 Centre Street, Part E<br>New York, New York 10013 |
| Defendant No. 2: | Mellissa Jackson, Judge<br>New York County Criminal Court<br>100 Centre Street, Part E<br>New York, New York 10013 |
| Defendant No. 3: | Cyrus Vance, Jr.<br>District Attorney<br>County of New York<br>One Hogan Place<br>New York, New York 10013 |
| Defendant No. 4: | Annie Siegel<br>Assistant District Attorney<br>County of New York<br>One Hogan Place<br>New York, New York 10013 |
| Defendant No. 5: | Matthew Dellabetta<br>Assistant District Attorney<br>County of New York<br>One Hogan Place<br>New York, New York 10013 |
| Defendant No. 6: | Mathew Harris Goldsmith, Esq.<br>Attorney at Law<br>535 Fifth Avenue, 4th Floor<br>New York, New York 10017 |

Defendant Schecter is being sued in her individual and official capacity as a New York County Criminal Court Judge, having acted outside the scope and authority of her judicial position.

Defendant Mellissa Jackson is being sued in her individual and official capacity as a New York County Criminal Court Judge, having acted outside the scope and authority of her judicial position.

Defendant Cyrus Vance, Jr., is being sued in his individual and official capacity as the District Attorney of New York County, having authority over all Assistant District Attorneys acting under the jurisdiction of his office, and having allowed the Assistant District Attorneys named herein as defendants to act outside the scope and authority of their quasi-judicial positions.

Defendant Annie Siegel is being sued in her individual and official capacity as an Assistant District Attorney, having acting outside the scope and authority of her quasi-judicial authority.

Defendant Matthew Dellabetta is being sued in his individual and official capacity as an Assistant District Attorney, having acting outside the scope and authority of his quasi-judicial authority.

**IV. Statement of Claim:**

Defendants, acting together and individually, under color of state law, subjected plaintiff to false imprisonment and malicious prosecution in violation of plaintiff's due

process and equal protection rights under the 5th, 6th, 13th and 14th Amendments to the United States Constitution, committed as follows:

On July 17, 2012, in response to plaintiff's pro se motion to dismiss the criminal complaints that were pending against plaintiff under New York Criminal Court Docket Nos. 2011NY061966 and 2011NY091707, for lack of subject matter jurisdiction, defendant Schecter illegally revoked plaintiff's bail status in violation of CPL § 530.20, thereby subjecting plaintiff to unlawful imprisonment.

On August 24, 2012, defendant Schecter, in **defiance of plaintiff's pro se status**, denied plaintiff's motion to dismiss the criminal complaints and appointed Defendant Goldsmith to represent plaintiff, **without notice to plaintiff and in plaintiff's absence from the court**, without any basis for depriving plaintiff's right to be present at all important stages of plaintiff's criminal proceeding.

On August 24, 2012, Defendant Goldsmith accepted appointment to represent plaintiff **without notice to plaintiff**, and proceeded to waive plaintiff's fundamental rights to challenge the CPL §730 findings to which plaintiff was fraudulently subjected, and did so **without any notice to plaintiff that he had been appointed to represent plaintiff, and without requiring plaintiff to be produced before the criminal court**.

On August 24, 2012, Defendant Siegel was present and actively participated in the fraudulent proceedings in which matters were conducted in plaintiff's absence, and without notice to plaintiff, to fraudulently subject plaintiff to imprisonment in violation of Articles 170 and 730 of the Criminal Procedure Law.

On September 7, 2012, Defendants Jackson and Dellabetta convened and proceeded to conduct proceedings <u>in plaintiff's absence</u>, <u>without notice to plaintiff</u>, <u>in absence of legal representation on behalf of plaintiff</u>, <u>fraudulently subjecting plaintiff to remand pursuant to Article 730 of the Criminal Procedure Law</u>, <u>whereby plaintiff remained unlawfully imprisoned until March 21, 2013</u> (a copy of the criminal court transcripts for August 24, 2012 and September 7, 2012 documenting the defendant's illegal acts are annexed hereto as Exhibits A and B, respectively

Defendant Vance is the supervisor of defendants, with the authority to approve and disapprove all courses of conduct of defendants Siegel and Dellabetta, and to approve and disapprove all dispositions of which Defendants Siegel and Dellabetta seek in a particular case. Thus, it is believed that defendants Siegel and Dellabetta Schneider acted illegally with the full knowledge and consent of defendant Vance.

As a direct result of the defendants illegal and fraudulent acts, plaintiff was subjected to unlawful imprisonment at a mental health facility, where plaintiff was housed with mental ill patients, where plaintiff was exposed of unsanitary and dangerous conditions, evoking extreme mental and emotional distress.

The defendants are not entitled to qualified immunity because, initially, the final orders of observation, pursuant to CPL § 730.40(1), were issued <u>without jurisdiction and lawful authority</u>, <u>extraneous to their judicial and quasi judicial functions</u>, <u>without notice to plaintiff and without plaintiff's presence in court</u>, violation of

plaintiff's due process and equal protection rights to legal representation pursuant to CPL § 170.10 [3], and a hearing pursuant to CPL § 730.30 (3), <u>**which plaintiff did not waive**</u>.

V.  **Relief**

Plaintiff request a declaratory judgment finding CPL § 730.30 (3) unconstitutional as violating the right to due process and equal protection <u>**by failing to mandate a hearing when two (2) psychiatrists make a finding of incompetence**</u>; and request $100,000,000.00 in compensatory damages from defendant Schecter individually and in her official capacity, for depriving plaint bail in violation of CPL § 530.20, and from each of the defendants individually and in their official capacities, for causing plaintiff to be falsely imprisoned and detained in a mental health facility on fraudulent criminal proceedings, conducted in violation of plaintiff's right to pro se representation and to present at all stages of plaintiff's criminal proceedings; and also request $150,000,000.00 in punitive damages from each of the defendants individually and in their official capacities for malicious prosecution and imprisonment, thereby severely jeopardizing plaintiff's mental and physical health and wellbeing.

Dated:  Queens, New York
        March 21, 2016

                                               Mr. HILARY BEST, Plaintiff
                                               Post Office Box 751072
                                               Forest Hills, New York 11375
                                               Phone: (718) 807-4205

## **VERIFICATION**

I declare under penalty of perjury that I have read the foregoing Civil Complaint dated March 21, 2016 and know the contents thereof, and that the same is true and correct to the best of my personal knowledge.

Signed this 21st day of March 2016.

*[signature]*

MR. HILARY BEST, Plaintiff
Post Office Box 751072
Forest Hills, New York 11375
Phone: (718) 807-4205

SWORN TO BEFORE ME THIS 21
DAY OF _March_, 2016

_[signature]_
Notary Public

```
YASMIN L. TUCKER
Notary Public - State of New York
No. 01TU6104379
Qualified in Queens County
My Comm. Expires Jan. 20, 20__
```

*[signature]* 03/21/16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
HILARY BEST,
                       Plaintiff,                           **AFFIDAVIT OF SERVICE**

    -against-

                                                                              CV _____

JENNIFER SCHECTER, MELISSA JACKSON,
CYRUS VANCE, JR., ANNIE SIEGEL,
MATTHEW DELLABETTA, AND
MATHEW GOLDSMITH,
                       Defendants.
------------------------------------------------------------------x
STATE OF NEW YORK    )
                                : SS.:
COUNTY OF NEW YORK )

    I, ANNETTE M HAMILTON, being first duly sworn, hereby depose and say:

    1. That I am over 18 years old and presently reside within the City of New York, County of Queens and State of New York.

    2. That on March 21, 2016, I did serve upon the following defendants a true and correct copy of the plaintiff's Civil Complaint, dated March 21, 2016, by placing same in properly addressed post-paid envelopes, addressed as follows:

1. Jennifer Schecter, Judge
   NY County Criminal Court
   100 Centre Street, Part E
   New York, New York 10013

2. Mellissa Jackson, Judge
   NY County Criminal Court
   100 Centre Street, Part E
   New York, New York 10013

3. Cyrus Vance, Jr.
   District Attorney
   County of New York
   One Hogan Place
   New York, New York 10013

4. Annie Siegel
   Assistant District Attorney
   County of New York
   One Hogan Place
   New York, N10013

5. Mathew Goldsmith
   Attorney at Law
   535 Fifth Avenue
   4th Floor
   New York, NY 10017

6. Matthew Dellabetta
   Assistant District Attorney
   County of New York
   One Hogan Place
   New York, New York 10013

and depositing same in a mailbox maintained exclusively by the United States Postal Service for outgoing mail delivery within the State of New York.

Dated:  New York, New York
        March 21, 2016

ANNETTE M. HAMILTON
Post Office Box 521827
Flushing, NY 11352
Phone (212) 470-9983

Sworn to before me this  21

day of  March         , 2016

Notary Public

JIMMY MA
Notary Public, State of New York
No. 01MA6116017
Qualified in New York County
Commission Expires Sept. 20, 2016

1

```
 1   CRIMINAL COURT OF THE CITY OF NEW YORK
     COUNTY OF NEW YORK                PART E
 2   - - - - - - - - - - - - - - - - - - -x
     THE PEOPLE OF THE STATE OF NEW YORK,
 3                                            :
         -against-                                 Docket No.:
 4                                                 2011NY061966
                                              :
 5   HILARY BEST,

 6                         Defendant.         :
     - - - - - - - - - - - - - - - - - - -x
 7
                     100 Centre Street
 8                   New York, New York 10013

 9                   August 24, 2012

10   B E F O R E:

11        THE HONORABLE JENNIFER SCHECTER, Judge

12   A P P E A R A N C E S:

13   FOR THE PEOPLE:

14        OFFICE OF CYRUS VANCE JR., ESQ.
          District Attorney New York County
15        One Hogan Place
          New York, New York 10013
16
          BY:  ANNIE SIEGEL, ESQ.
17             Assistant District Attorney

18   FOR THE DEFENDANT:

19        MATHEW GOLDSMITH, ESQ.
          Attorneys for Defendant
20

21

22

23

24

25
```

William Grant ~ Official Court Reporter

PROCEEDING

1     COURT OFFICER: Calling calendar numbers
2  15 and 16, both prison matters, Hilary Best.
3  Produced, not before the Court. Defendant has a
4  hold.
5     MS. SIEGEL: Annie Siegel, for the
6  People. Good morning, Your Honor.
7     THE COURT: Good morning, Your Honor.
8     MS. SIEGEL: Judge, I understand that the
9  defendant was found unfit and we need a 7.30 report.
10    THE COURT: Yes.
11    MS. SIEGEL: We are asking for an
12  adjournment to review that finding and decide
13  whether we are going to confirm or convert it. I
14  spoke with defense counsel before this calendar
15  call. I think he would like the same adjournment.
16  If it is okay with the Court, two weeks from today
17  would be enough time.
18    THE COURT: Okay. And to be clear, as
19  well, in light of the 7.30 results, I am appointing
20  18-B counsel to this case. Mr. Goldsmith, I'm
21  appointing you. Since the last date, as well. I
22  have denied the motion to dismiss for facial
23  insufficiency. I don't know if everybody got a copy
24  of the decision.
25    MR. GOLDSMITH: Mathew Goldsmith.

PROCEEDING

```
 1              There are two dockets.
 2              THE COURT:  On both dockets, it was a
 3      joint motion.  In addition, there was a motion for a
 4      default judgment.  To be clear, that is denied, as
 5      well.  So, these cases are being adjourned to Part
 6      E, from September 7th, or do you want the 6th?
 7              MR. GOLDSMITH:  December 7th would be
 8      fine.
 9              THE COURT:  Part E, December 7, 2012.
10      That is for proceedings with respect to the 7.30,
11      and for everyone to report to the Court on whether
12      or not there will be a motion to confirm or convert
13      and remand is continued in connection with this
14      case.  If you wait one moment, I can give you a copy
15      of the court's decision denying the motion to
16      dismiss.
17              MS. SIEGEL:  Also, we are asking, I think
18      there is an order of protection in effect on docket
19      ending 707, we are asking that it be extended.
20              THE COURT:  It is in effect until October
21      1, 2012.  And let me just check on the other case.
22      It is in effect through October 1st, as well.
23              MS. SIEGEL:  Thank you.
24              MR. GOLDSMITH:  I would just like to file
25      my notice of appearance and serve that on the
```

PROCEEDING

1    People, as well.

2        THE COURT: Excellent. Part E, September

3    7th.

4        Thank you.

5        \*  \*  \*  \*  \*

6

7    Certified to be a true and accurate transcript.

8    _____

9    William Grant, Official Court Reporter

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

```
CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK              PART E
- - - - - - - - - - - - - - - - - -x
THE PEOPLE OF THE STATE OF NEW YORK,
                                     :
                                          Docket No.:
         -against-                        2011NY091707
                                          2011NY061966
                                     :
HILLARY BEST,
                                     :
                    Defendant.
- - - - - - - - - - - - - - - - - -x

                    100 Centre Street
                    New York, New York 10013

                    September 7, 2012




B E F O R E:

         THE HONORABLE MELISSA JACKSON, Judge

A P P E A R A N C E S:

FOR THE PEOPLE:

         OFFICE OF CYRUS VANCE, JR., ESQ.
         District Attorney, New York County
         One Hogan Place
         New York, New York 10013

    BY:  MATTHEW DELLABETTA, ESQ.,
         Assistant District Attorney




                              Barbara Geremia
                              Official Court Reporter
```

```
 1        COURT OFFICER:  Calendar numbers one and
 2   three, Hillary Best, inmate matter.  The defendant
 3   is not produced.  Defense counsel cannot be here.
 4        MR. DELLABETTA:  As to dockets ending 966 and
 5   707, People are moving to confirm the 730 results.
 6   The assigned ADA has reviewed the reports and spoken
 7   with the interviewing medical physicians on this
 8   case and at this time we are confirming.
 9        THE COURT:  The Court has also received
10   information from Mr. Goldsmith, who is currently
11   unable to appear today, that he also is not moving
12   to controvert but to confirm the findings.  Based
13   upon that report, I'm going to dismiss these dockets
14   and order observation as to the defendant's mental
15   hygiene.  Defendant is remanded.
16
17              *    *    *    *    *
18
19   Certified to be a true and accurate transcript.
20   _____
21   Barbara Geremia - Official Court Reporter
```